UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


BIRMINGHAM FIRE INSURANCE COMPANY
OF PENNSYLVANIA, INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA, and
AMERICAN INTERNATIONAL SPECIALTY LINES
INSURANCE COMPANY,

        Plaintiffs,


v.                                         Case No. 8:07-CV-762-T-24-MSS


COMCAR INDUSTRIES, INC. and MARTIN GAS
CORPORATION n/k/a MARTIN RESOURCE
MANAGEMENT CORPORATION.

        Defendants.

_____/

## ORDER

      This cause comes before the Court on Plaintiff's Motion to Dismiss (Doc. No. 36).

Defendant opposes this motion (Doc. No. 48).

## I.  Standard of Review

      In deciding a motion to dismiss, the district court is required to view the complaint in the

light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959,

962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The

Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon

which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim

showing that the pleader is entitled to relief in order to give the defendant fair notice of what the

claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct.

1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Kevin Waggoner, an employee of Comcar Industries, Inc. ("Comcar"), filed suit against Martin Gas Corporation for Martin Gas' alleged negligence in connection with an incident that occurred on August 16, 2003 while he was working for Comcar at Martin Gas' terminal facility ("the Waggoner lawsuit").  At that time, Martin Gas had in effect two insurance policies: a General Liability Policy issued by Ace American Insurance Company (the "ACE GL Policy"), which provided $1,000,000 in liability coverage; and an Umbrella Policy issued by American International Specialty Lines Insurance Company (the "AISLIC Umbrella Policy"), which provided $25,000,000 in liability coverage in excess over all primary policies.  The ACE GL Policy is scheduled underlying insurance on the AISLIC Umbrella Policy.

Comcar has a Commercial Auto Policy with Birmingham Fire Insurance Company of Pennsylvania (the "Birmingham Auto Policy") that has a $2,000,000 deductible.  Comcar also has a Commercial General Liability Policy with Insurance Company of the State of Pennsylvania

2

(the "Pennsylvania CGL Policy") that has a $1,000,000 deductible.

Comcar and Martin Gas allegedly entered into a Terminal Access Agreement (the "TAA"), granting Comcar access privilege into Martin Gas's terminal in Tampa.  The parties are in dispute as to whether the TAA requires mutual indemnification, and which party was required to name the other as an additional insured under its insurance policies.

The Waggoner lawsuit has been settled for the total sum of $2,725,000.  Martin Gas' position in that lawsuit was that it was an additional insured under both of Comcar's insurance policies pursuant to the TAA.  Comcar took the position that the version of the TAA attached to the amended complaint (Doc. No. 30, Ex. E) is invalid, or if there is a valid TAA between the parties, it contains mutual indemnification provisions such that Comcar is not liable for Waggoner's claim.  As such, while Comcar had notice of the Waggoner lawsuit and the opportunity to defend or settle it, it refused to do so.  Martin Gas agreed to advance the sum of $1,000,000 (the limit of the ACE GL Policy), and AISLIC agreed to advance the sum of $1,725,000 to settle the Waggoner action.  AISLIC advanced this sum under protest and reservation of rights to seek reimbursement from Comcar.

AISLIC filed an amended complaint (Doc. No. 30) seeking a declaration of its rights, duties and obligations under the AISLIC Umbrella Policy.  In response, Defendant Comcar filed a breach of contract and a declaratory judgment counterclaim (Doc. No. 31) against Martin Gas and AISLIC, alleging that either the TAA is invalid (and thus Comcar is not required to indemnify Martin Gas for the settlement funds paid in the Waggoner lawsuit), or if there is a TAA, it obligated Martin Gas to name Comcar as an additional insured on its applicable insurance policies, including the AISLIC Umbrella Policy.

### III.  Motion to Dismiss

AISLIC filed the instant motion to dismiss Comcar's counterclaims, arguing that the counterclaims should be dismissed because: (1) regardless of whether Comcar was an additional insured, AISLIC would have no liability because it provided only excess coverage under its Umbrella Policy; and (2) Comcar has failed to establish that the TAA is an "insured contract," and thus, Comcar is not an additional insured under AISLIC's Umbrella Policy.[1]

### A.  Insured Contract

AISLIC first argues that Comcar is not made an additional insured under AISLIC's Umbrella Policy under the plain terms of the TAA attached to the amended complaint.  (Doc. No. 30, Ex. E).  Specifically, AISLIC argues that the TAA attached to the amended complaint is not an "insured contract," because it does not require Martin Gas to provide insurance for Comcar.  As such, AISLIC argues that it is not required to indemnify Comcar for Waggoner's claim.

In response, Comcar points out that it has alleged in its counterclaim that if there is a valid TAA, it features mutual indemnity such that Martin Gas would have been obligated to indemnify Comcar for any damages that Comcar sustained due to Martin Gas' negligence and that Martin Gas would be required to name Comcar as an additional insured on all of its insurance policies, including the AISLIC Umbrella Policy.  Furthermore, Comcar states that since its position is that the draft version of the TAA attached to the amended complaint differs from the final version, the fact that the draft version conflicts with Comcar's allegations is of no

---

[1]AISLIC also argues that the Court should dismiss Comcar's declaratory judgment counterclaim because it is duplicative of the relief sought in the amended complaint.  The Court rejects this argument without further discussion.

consequence.  The Court agrees with Comcar.

AISLIC's Umbrella Policy defines an additional insured as a person to whom Martin Gas is obligated by a written insured contract to provide insurance with respect to liability arising out of operations conducted by Martin Gas or on its behalf.  (Doc.  No. 30, Ex. C, p.9).  The policy defines an insured contract as an agreement entered into by Martin Gas pertaining to Martin Gas' business under which Martin Gas assumes the tort liability of another party.  (Doc. No. 30, Ex. C, p.9).

Comcar has alleged that if there is a valid TAA, it features mutual indemnity such that Martin Gas would have been obligated to indemnify Comcar for any damages that Comcar sustained due to Martin Gas' negligence and that Martin Gas would be required to name Comcar as an additional insured on all of its insurance policies, including the AISLIC Umbrella Policy. As such, the Court finds that Comcar has sufficiently alleged that the TAA is an insured contract.

The Court finds that the issue of whether a TAA exists that is actually an insured contract cannot be determined at this juncture and can more adequately be addressed in a motion for summary judgment or at trial.  However, at this stage of the proceedings, the Court finds that Comcar's allegations are sufficient to withstand AISLIC's motion to dismiss.

## B.  Excess Carrier

Next, AISLIC argues that regardless of whether Comcar was an additional insured under the AISLIC Umbrella Policy, the policy would not cover the Waggoner lawsuit, because that policy only provided excess coverage.  Specifically, AISLIC argues that assuming that it owed a duty to Comcar, it did not include a duty to provide *primary* coverage.

The AISLIC policy is an umbrella policy, which is a true excess policy, and thus, it is

excess over any primary policies.  *See Towne Realty, Inc. v. Safeco Ins. Co. of America,* 854 F.2d

1264, 1268-69 (11th Cir. 1988) (noting that umbrella coverages are regarded as true excess over

and above any type of primary coverage)(citation omitted).  The AISLIC policy, which is

incorporated by reference into Comcar's counterclaim in paragraph eleven, states that AISLIC is

only liable for the portion of damages in excess of the total amount of the applicable limits of all

other underlying insurance policies.  (Doc. No. 30, Ex. C, p.8).

      The Court agrees that Comcar's alleged status as an additional insured under the AISLIC

Umbrella Policy would not change the nature and extent of the policy.  Therefore, AISLIC is

under no duty to provide primary coverage to Comcar with regard to the Waggoner lawsuit.  If

Comcar is found to be an additional insured under AISLIC's Umbrella policy due to a TAA, then

AISLIC's liability will only be triggered as an excess carrier.  Since there is a dispute as to

whether Comcar's insurance policies provide for coverage for the Waggoner lawsuit, the Court

cannot determine at this time whether AISLIC's liability is triggered.

## IV.  Conclusion

      Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss

(Doc. No. 36) is **DENIED**.

      **DONE AND ORDERED** at Tampa, Florida, this 6th day of March, 2008.

*Susan C. Bucklew*

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

6