UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,

Plaintiffs,

v. Case No. 8:07-CV-762-T-24-MSS

COMCAR INDUSTRIES, INC. and MARTIN GAS CORPORATION n/k/a MARTIN RESOURCE MANAGEMENT CORPORATION.

Defendants.

_______________________________________________/

**ORDER**

This cause comes before the Court on Plaintiff AISLIC's Motion for Reconsideration.[1] (Doc. No. 56). Defendant Comcar opposes this motion. (Doc. No. 65).

**I. Standard of Review**

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous

[1]The Court notes that Comcar has filed amended counterclaims since the filing of this motion. However, because the amended counterclaims against AISLIC are so similar to the prior counterclaims, the Court finds that clarification of its prior order will be beneficial in this case.

order is an extraordinary remedy to be employed sparingly. See id. (citations omitted)

**II. Background**

Kevin Waggoner, an employee of Comcar Industries, Inc. ("Comcar"), filed suit against Martin Gas Corporation for Martin Gas' alleged negligence in connection with an incident that occurred on August 16, 2003 while he was working for Comcar at Martin Gas' terminal facility ("the Waggoner lawsuit"). At that time, Martin Gas had in effect two insurance policies: a General Liability Policy issued by Ace American Insurance Company (the "ACE GL Policy"), which provided $1,000,000 in liability coverage; and an Umbrella Policy issued by American International Specialty Lines Insurance Company (the "AISLIC Umbrella Policy"), which provided $25,000,000 in liability coverage in excess over all primary policies. The ACE GL Policy is scheduled underlying insurance on the AISLIC Umbrella Policy.

Comcar has a Commercial Auto Policy with Birmingham Fire Insurance Company of Pennsylvania (the "Birmingham Auto Policy") that has a $2,000,000 deductible. Comcar also has a Commercial General Liability Policy with Insurance Company of the State of Pennsylvania (the "Pennsylvania CGL Policy") that has a $1,000,000 deductible.

Comcar and Martin Gas allegedly entered into a Terminal Access Agreement (the "TAA"), granting Comcar access privilege into Martin Gas's terminal in Tampa. The parties are in dispute as to whether the TAA is valid, whether it requires mutual indemnification, and which party was required to name the other as an additional insured under its insurance policies.

The Waggoner lawsuit has been settled for the total sum of $2,725,000. Martin Gas' position in that lawsuit was that it was an additional insured under both of Comcar's insurance policies pursuant to the TAA. Comcar took the position that the version of the TAA attached to

the amended complaint (Doc. No. 30, Ex. E) is invalid, or if there is a valid TAA between the parties, it contains mutual indemnification provisions such that Comcar is not liable for Waggoner's claim. As such, while Comcar had notice of the Waggoner lawsuit and the opportunity to defend or settle it, it refused to do so. Martin Gas agreed to advance the sum of $1,000,000 (the limit of the ACE GL Policy), and AISLIC agreed to advance the sum of $1,725,000 to settle the Waggoner action. AISLIC advanced this sum under protest and reservation of rights to seek reimbursement from Comcar.

AISLIC filed an amended complaint (Doc. No. 30) seeking a declaration of its rights, duties and obligations under the AISLIC Umbrella Policy. In response, Defendant Comcar filed a breach of contract and a declaratory judgment counterclaim (Doc. No. 31) against Martin Gas and AISLIC, alleging that either the TAA is invalid (and thus Comcar is not required to indemnify Martin Gas for the settlement funds paid in the Waggoner lawsuit), or if there is a TAA, it obligated Martin Gas to name Comcar as an additional insured on its applicable insurance policies, including the AISLIC Umbrella Policy.

AISLIC moved to dismiss Comcar's counterclaims, arguing that: (1) regardless of whether Comcar was an additional insured, AISLIC would have no liability because it provided only excess coverage under its Umbrella Policy; and (2) Comcar has failed to establish that the TAA is an "insured contract," and thus, Comcar is not an additional insured under AISLIC's Umbrella Policy. (Doc. NO. 36). The Court denied the motion, finding that Comcar had sufficiently *alleged* that if there is a valid TAA, it required Martin Gas to name Comcar as an additional insured on all of its insurance policies, including the AISLIC Umbrella Policy. (Doc. No. 53). However, the Court agreed with AISLIC's argument that assuming that AISLIC owed

a duty to Comcar, it did not include a duty to provide *primary* coverage, because AISLIC's policy was an excess policy. (Doc. No. 53). Therefore, the Court found that AISLIC is under no duty to provide primary coverage to Comcar with regard to the Waggoner lawsuit and that AISLIC's liability could only be triggered as an excess carrier. (Doc. No. 53).

**III. Motion for Reconsideration**

In the instant motion, AISLIC urges the Court to reconsider its ruling on the motion to dismiss. Specifically, AISLIC argues that (1) Comcar is not an additional insured under its policy because the TAA did not require Martin Gas to provide insurance for Comcar; and (2) even if Comcar was an additional insured, Comcar has failed to allege that a claim was brought against it that would be covered under the policy.

While the Court rarely grants motions for reconsideration, it appears that there may have been some confusion that requires clarification. With regards to AISLIC's first argument that Comcar is not an additional insured under its policy because the TAA did not require Martin Gas to provide insurance for Comcar, AISLIC has misinterpreted the Court's findings, and the Court may have misunderstood Comcar's allegations.

AISLIC's Umbrella Policy defines an additional insured as a person to whom Martin Gas is obligated by a written Insured Contract to provide insurance with respect to liability arising out of operations conducted by Martin Gas or on its behalf. (Doc. No. 30, Ex. C, p.9). The policy defines an Insured Contract as an agreement entered into by Martin Gas pertaining to Martin Gas' business under which Martin Gas assumes the tort liability of another party. (Doc. No. 30, Ex. C, p.9).

The Court found in its Order denying the motion to dismiss that Comcar had sufficiently

*alleged* that if there is a valid TAA, it required Martin Gas to name Comcar as an additional insured on all of its insurance policies. This finding was based on Comcar's allegations in paragraphs eleven, twenty, and thirty-seven of its counterclaim (Doc. No. 31) that Martin Gas was required to name Comcar as an additional insured.

AISLIC argues that Martin Gas was not required to name Comcar as an additional insured, based on the proposed TAA attached to its amended complaint and the letter that Comcar references in its response to AISLIC's motion to dismiss. The Court understood, perhaps incorrectly, that Comcar was alleging that a TAA may have existed that did not consist solely of the TAA attached to AISLIC's amended complaint and the letter that Comcar referenced. Thus, the Court's conclusion was based solely on the allegations in Comcar's counterclaim that Martin Gas was required to name Comcar as an additional insured.

Whether a TAA existed that required Martin Gas to name Comcar as an additional insured is an issue that is more appropriate for a motion for summary judgment or trial, rather than a motion to dismiss. However, the Court warns Comcar that to the extent that it contends that a TAA may have existed that consisted solely of the TAA attached to AISLIC's amended complaint and the letter that Comcar referenced, and that such TAA required Martin Gas to name Comcar as an additional insured under AISLIC's policy, such contention will fail for the reasons stated by AISLIC.

Specifically, AISLIC's policy defines an "insured" as an organization to whom Martin Gas is obligated by a written Insured Contract ***to provide insurance*** with respect to liability arising out of operations conducted by Martin Gas or on its behalf. (Doc. No. 30, Ex. C, p.9). Neither the TAA attached to the amended complaint, nor the letter, require Martin Gas to

provide insurance for Comcar. The fact that a TAA may exist that features mutual indemnity is not the same as showing that Martin Gas was required to provide insurance for Comcar. See Castleberry v. Goldome Credit Corp., 418 F.3d 1267, 1272-73 (11th Cir. 2005)(pointing out that all indemnity agreements are not insurance contracts).

AISLIC's second argument in support of reconsideration is that even if Comcar was an additional insured, Comcar has failed to allege that a claim was brought against it that would be covered under the policy. However, it appears that this argument was not made in the motion to dismiss, and as such, it cannot be raised on a motion to reconsider.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that AISLIC's Motion for Reconsideration (Doc. No. 56) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of June, 2008.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record