UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIRMINGHAM FIRE INSURANCE COMPANY
OF PENNSYLVANIA, INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA, and
AMERICAN INTERNATIONAL SPECIALTY LINES
INSURANCE COMPANY,

        Plaintiffs,

v.                                          Case No. 8:07-CV-762-T-24-MSS

COMCAR INDUSTRIES, INC. and MARTIN GAS
CORPORATION n/k/a MARTIN RESOURCE
MANAGEMENT CORPORATION.

        Defendants.

_____/

## ORDER

      This cause comes before the Court on Plaintiff AISLIC's Motion to Dismiss Comcar and

CTL's Counterclaim.  (Doc. No. 95).  Comcar and CTL oppose this motion.  (Doc. No. 102).

**I.  Background**

      Kevin Waggoner, an employee of Comcar Industries, Inc. ("Comcar"), filed suit against

Martin Gas Corporation for Martin Gas' alleged negligence in connection with an incident that

occurred while he was working for Comcar at Martin Gas' terminal facility ("the Waggoner

lawsuit").   Martin Gas contends that it and Comcar/CTL Distribution, Inc. ("CTL") entered into

a Terminal Access Agreement (the "TAA"), granting Comcar/CTL access into Martin Gas's

terminal in Tampa.[1]  The TAA that Martin Gas refers to (attached to the second amended complaint) provides that Comcar/CTL will indemnify Martin Gas for any liability arising from Comcar's/CTL's negligent acts.  (Doc. No. 64, Ex. E).  Additionally, the TAA requires Comcar/CTL to name Martin Gas as an additional insured on its insurance policies.  (Doc. No. 64, Ex. E).  Comcar has two policies: a Commercial Auto Policy with Birmingham Fire Insurance Company of Pennsylvania ("Birmingham") and a Commercial General Liability Policy with Insurance Company of the State of Pennsylvania ("Pennsylvania").    The Waggoner lawsuit has been settled for the total sum of $2,725,000.  Martin Gas' position in that lawsuit was that it was an additional insured under both of Comcar's insurance policies pursuant to the TAA. Comcar and CTL believe that they are not liable for Waggoner's claim, and as such, Comcar and CTL refused to settle Waggoner's claim.  Martin Gas agreed to advance the sum of $1,000,000 (the limit of its General Liability Policy issued by Ace American Insurance Company), and Martin Gas' other insurer, American International Specialty Lines Insurance Company ("AISLIC"), agreed to advance the sum of $1,725,000 to settle the Waggoner action.  AISLIC advanced this sum under protest and reservation of rights to seek reimbursement from Comcar and CTL.

Plaintiffs Birmingham, Pennsylvania, and AISLIC filed a second amended complaint (Doc. No. 64) against Comcar, CTL, and Martin Gas, in which Plaintiffs seek declarations regarding the various insurance policies and AISLIC seeks damages against Comcar.  In response, Comcar and CTL asserted counterclaims against AISLIC and Birmingham.  (Doc. No. 69, 78).

---

[1]CTL is a subsidiary of Comcar.

**II.  Motion to Dismiss**

In the instant motion, AISLIC argues that the counterclaim for damages should be dismissed, because: (1) Comcar and CTL failed to allege that a covered claim had been brought against them; (2) Insured Contract coverage is not available to them; and (3) even if Insured Contract coverage was available, they have not alleged that a claim was brought against them under an Insured Contract.  Comcar and CTL respond that they are not seeking coverage for a claim asserted against them.  Rather, they are asserting the anti-subrogation rule and claiming that because they are insureds under the AISLIC policy, AISLIC cannot sue them for reimbursement of the $1,725,000 that it paid towards the Waggoner settlement.  Thus, Comcar and CTL contend that the issue in this case is whether the TAA is an Insured Contract such that they would be considered AISLIC's insureds, which they contend would bar AISLIC's suit against them under the anti-subrogation rule.

Comcar and CTL appear to acknowledge that their damages claim against AISLIC is contingent on a finding that they are insureds under the AISLIC policy.  According to the terms of the AISLIC policy, Comcar and CTL would be insureds if they can show that Martin Gas was obligated by a written Insured Contract to provide insurance with respect to liability arising out of operations conducted by Martin Gas or on its behalf.  Further, the AISLIC policy defines "Insured Contract" as an oral or written agreement entered into by Martin Gas and pertaining to Martin Gas' business in which Martin Gas assumes the tort liability of another (with tort liability being defined as liability that would be imposed by law in the absence of a contract or agreement).

The Court has repeatedly stated that it cannot determine at this stage whether there is a

TAA that meets the definition of an Insured Contract under the AISLIC policy and that such issue is more appropriate for a motion for summary judgment or trial.[2]  Therefore, given the dispute about whether a TAA even exists, and if so, whether it fits the definition of an Insured Contract, the Court is not inclined to go any further and analyze Comcar and CTL's counterclaim for damages that may not even exist if Comcar and CTL cannot establish that there is a TAA that is an Insured Contract.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that AISLIC's Motion to Dismiss Comcar and CTL's Counterclaim (Doc. No. 95) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of August, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[2]However, the Court has found that the proposed TAA attached to the second amended complaint is not an Insured Contract, because it does not require Martin Gas to provide Comcar or CTL with insurance, nor does it impose an obligation on Martin Gas to assume the tort liability of Comcar or CTL.  (Doc. No. 96).

4