UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIRMINGHAM FIRE INSURANCE COMPANY
OF PENNSYLVANIA, INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA, and
AMERICAN INTERNATIONAL SPECIALTY LINES
INSURANCE COMPANY,

      Plaintiffs,

v.                                                                            Case No. 8:07-CV-762-T-24-MSS

COMCAR INDUSTRIES, INC. and MARTIN GAS
CORPORATION n/k/a MARTIN RESOURCE
MANAGEMENT CORPORATION.

      Defendants.

_____/

**ORDER**

This cause comes before the Court on Birmingham's Motion to Dismiss Comcar and CTL's Counterclaims for Bad Faith. (Doc. No. 92). Comcar and CTL oppose the motion. (Doc. No. 98).

**I. Background**

Kevin Waggoner, an employee of Comcar Industries, Inc. ("Comcar"), filed suit against Martin Gas Corporation for Martin Gas' alleged negligence in connection with an incident that occurred while he was working for Comcar at Martin Gas' terminal facility ("the Waggoner lawsuit"). At that time, Martin Gas had in effect two insurance policies: a General Liability Policy issued by Ace American Insurance Company (the "ACE GL Policy"), which provided $1,000,000 in liability coverage; and an Umbrella Policy issued by American International

Specialty Lines Insurance Company (the "AISLIC Umbrella Policy"), which provided $25,000,000 in liability coverage in excess over all primary policies. The ACE GL Policy is scheduled underlying insurance on the AISLIC Umbrella Policy.

Martin Gas contends that it and Comcar/CTL Distribution, Inc. ("CTL") entered into a Terminal Access Agreement (the "TAA"), granting Comcar/CTL access into Martin Gas's terminal in Tampa.[1] The TAA that Martin Gas refers to (attached to the second amended complaint) requires Comcar/CTL to name Martin Gas as an additional insured on its insurance policies. (Doc. No. 64, Ex. E). Comcar has a Commercial Auto Policy with Birmingham Fire Insurance Company of Pennsylvania (the "Birmingham Auto Policy") that has a $2,000,000 deductible.

The Waggoner lawsuit has been settled for the total sum of $2,725,000. Martin Gas agreed to advance the sum of $1,000,000 (the limit of its General Liability Policy issued by Ace American Insurance Company), and Martin Gas' other insurer, American International Specialty Lines Insurance Company ("AISLIC"), agreed to advance the sum of $1,725,000 to settle the Waggoner action. AISLIC advanced this sum under protest and reservation of rights to seek reimbursement from Comcar and CTL.

Plaintiffs Birmingham, Pennsylvania, and AISLIC filed a second amended complaint (Doc. No. 64) against Comcar, CTL, and Martin Gas, in which Plaintiffs seek declarations regarding the various insurance policies and AISLIC seeks damages against Comcar. In response, Comcar and CTL asserted, among other claims, bad faith counterclaims against Birmingham. (Doc. No. 69, 78).

---

[1] CTL is a subsidiary of Comcar.

**II. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**III. Motion to Dismiss**

In the instant motion, Birmingham moves to dismiss the bad faith counterclaims asserted against it. In the bad faith counterclaims against Birmingham, Comcar and CTL assert that Birmingham has acted in bad faith towards its insured by allegedly conceding that Martin Gas is an additional insured and that the Waggoner claim is covered under the Birmingham Auto

3

Policy. Comcar contends that since Birmingham is a sister company of AISLIC (both are owned by AIG), Birmingham and AISLIC have conspired to push the liability for funding the Waggoner settlement onto the party with the highest deductible. Therefore, Comcar and CTL contend, because the deductible under the Birmingham Auto Policy is larger than Martin Gas' deductible under the AISLIC Umbrella Policy, the AIG companies stand to save $1,000,000 if it is determined that Martin Gas is an additional insured under the Birmingham policy.

Birmingham argues that the bad faith counterclaims must be dismissed, because: (1) the counterclaims fail to state a cause of action; and (2) the counterclaims are premature. Because the Court agrees that the counterclaims are premature, the Court does not reach the argument that they fail to state a claim.

Birmingham argues that the bad faith counterclaims are premature because the Court must first determine whether Martin Gas is an additional insured and that the Waggoner claim is covered before the Court can determine that Birmingham's willingness to cover the claim amounted to bad faith. The Court agrees.

The case law is clear that coverage disputes must be resolved before a bad faith action accrues. See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991); OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So. 2d 113, 115 (Fla. 5th DCA 2005); General Star Indemnity Co. v. Anheuser-Busch Co., Inc., 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999). All of the cases cited by the parties deal with claims of an insurer's bad faith in *refusing* to settle a claim, and courts have explained the rationale of requiring coverage disputes to be determined first as follows:

> If there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in

>
> refusing to settle the claim. Similarly, if there is no coverage, then the insured would suffer no damages resulting from its insurer's unfair settlement practices. In addition, the carrier would clearly be prejudiced by having to litigate either a bad faith claim or an unfair settlement practices claim in tandem with a coverage claim because the evidence used to prove either bad faith or unfair practices could well jaundice the jury's view of the coverage issue.

OneBeacon, 898 So. 2d at 115 (citations omitted).

Comcar and CTL argue that because their bad faith claim is based on Birmingham's alleged inappropriate willingness (rather than refusal) to settle the Waggoner claim, the case law requiring coverage disputes to be determined before a bad faith action accrues are distinguishable. However, Comcar and CTL fail to cite to any authority to support their argument that their bad faith claims should be allowed to proceed prior to coverage being determined.

The Court finds that the rationale applicable to bad faith claims for refusals to settle applies to the instant case. If the Waggoner claim is covered under the Birmingham policy, then Birmingham could not have acted in bad faith in being willing to settle the claim. Similarly, if there is coverage, then Comcar and CTL will suffer no damages resulting from Birmingham's settlement practices.

Therefore, the Court finds that since there must first be a finding that Martin Gas is not an additional insured and that the Waggoner claim is not covered before Comcar and CTL can assert a bad faith claim against Birmingham for be willing to settle the claim, this claim should be dismissed without prejudice. As such, the Court will grant Birmingham's motion on this issue.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Birmingham's Motion to Dismiss Comcar and CTL's Counterclaims for Bad Faith (Doc. No. 92) is **GRANTED** to the extent that the Court dismisses Comcar and CTL's bad faith counterclaims against Birmingham without prejudice.

(2) Birmingham's Motion to File a Reply (Doc. No. 100) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of August, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record