UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIRMINGHAM FIRE INSURANCE
COMPANY OF PENNSYLVANIA, ET AL.,

    Plaintiffs,

v.                                               Case No. 8:07-cv-762-T-24 MSS

COMCAR INDUSTRIES, INC., ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Martin Gas' Motion in Limine to Exclude Evidence of Course of Dealing With Other Entities. (Doc. No. 173). Comcar and CTL oppose the motion. (Doc. No. 181).

This case involves a coverage dispute relating to an injury to Waggoner, an employee of CTL, which is a subsidiary of Comcar, while Waggoner was at Martin Gas' terminal in Tampa in August of 2003. There is a dispute between Martin Gas and Comcar/CTL regarding whether they had entered into a Terminal Access Agreement ("TAA") that required Comcar/CTL to name Martin Gas as an additional insured on their insurance policies.

In the instant motion, Martin Gas moves to prohibit Comcar and CTL from introducing evidence relating to Martin Gas' course of dealings with other entities for the purpose of proving that Martin Gas rejected the revised TAA. Comcar and CTL respond that such evidence is relevant, because Martin Gas has attempted to demonstrate its acceptance of the revised TAA by its conduct of giving Comcar and CTL access to the Tampa terminal, and evidence that other motor carriers were able to access the Tampa terminal without signing a TAA undermines

Martin Gas' argument that it accepted the revised TAA. The Court agrees with Comcar and CTL that such evidence is highly relevant.

Alternatively, Martin Gas moves to limit such evidence to motor carriers utilizing Martin Gas' Tampa terminal between January 2000 and August 16, 2003. Comcar and CTL have not directly addressed this argument. The Court finds that such a limitation is proper under the facts of this case.

Accordingly, it is ORDERED AND ADJUDGED that Martin Gas' Motion in Limine to Exclude Evidence of Course of Dealing With Other Entities (Doc. No. 173) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court limits such evidence to motor carriers utilizing Martin Gas' Tampa terminal between January 2000 and August 16, 2003; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of December, 2008.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge