UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIRMINGHAM FIRE INSURANCE
COMPANY OF PENNSYLVANIA, ET AL.,

    Plaintiffs,

v.                                                  Case No.  8:07-cv-762-T-24 TBM

COMCAR INDUSTRIES, INC., ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on three related motions: (1) Martin Gas' Motion for Inclusion of Attorneys' Fees or Leave to Amend and Add Counterclaim for Attorneys' Fees (Doc. No. 175), which Plaintiffs oppose (Doc. No. 183); (2) Comcar and CTL's Motion for Leave to Add Counterclaim for Attorneys' Fees (Doc. No. 169), which Plaintiffs oppose (Doc. No. 184); and (3) Plaintiffs Birmingham and Pennsylvania's Motion to Strike Attorney Fee Claims (Doc. No. 174), which Martin Gas and Comcar/CTL oppose (Doc. No. 180, 182).

**I.  Background**

This case involves a coverage dispute relating to an injury to Waggoner, an employee of CTL, which is a subsidiary of Comcar, while Waggoner was at Martin Gas' terminal in Tampa. There is a dispute between Martin Gas and Comcar/CTL regarding whether they had entered into a Terminal Access Agreement ("TAA") that required Comcar/CTL to name Martin Gas as an additional insured on their insurance policies.

At the time of the incident, Martin Gas had in effect two insurance policies: a General Liability Policy issued by Ace, which provided $1,000,000 in liability coverage; and an

Umbrella Policy issued by AISLIC, which provided $25,000,000 in liability coverage in excess over all primary policies. Comcar/CTL had a Commercial Auto Policy with Birmingham that provided $1,000,000 of coverage after payment of a $2,000,000 self-insured retention ("SIR"). Comcar/CTL also had a $4,000,000 Commercial General Liability Policy with Pennsylvania that has a $1,000,000 SIR.

The Waggoner lawsuit has been settled for the total sum of $2,725,000. Martin Gas' position in that lawsuit was that it was an additional insured under both of Comcar/CTL's insurance policies pursuant to the TAA. Comcar and CTL argued that there was no valid TAA that entitled Martin Gas to additional insured status under its policies. As a result, Martin Gas agreed to advance the sum of $1,000,000, and AISLIC agreed to advance the sum of $1,725,000 to settle the Waggoner action. Thereafter, Plaintiffs Birmingham, Pennsylvania, and AISLIC filed a second amended complaint (Doc. No. 64) against Comcar, CTL, and Martin Gas, in which Plaintiffs seek declarations regarding coverage for the Waggoner settlement.

In this Court's October 20, 2008 order on Martin Gas and Plaintiffs' motions for summary judgment (Doc. No. 152), the Court resolved the issue of priority of coverage between the insurance policies if the TAA is found to be a valid contract. Specifically, the Court found that if the TAA is valid, the AISLIC policy would not be implicated and the Birmingham and Pennsylvania policies would both be excess policies. Furthermore, the Court found that if the TAA was valid, the payment of the Waggoner claim would occur as set forth by Martin Gas, Comcar, and CTL: (1) Comcar/CTL pays the $1,000,000 SIR of the Pennsylvania policy; (2) Pennsylvania pays the next $1,000,000 (because its policy is triggered by Comcar/CTL's payment of the $1,000,000 SIR); and (3) Pennsylvania and Birmingham share, on a pro rata

basis, the payment of the remaining $725,000. As a result, the Court denied Plaintiffs' motion for summary judgment on this issue[1] and granted Martin Gas' motion on this issue.

After the Court ruled on the priority issue, Comcar/CTL and Martin Gas filed the instant motions to add claims for attorneys' fees, and Plaintiffs filed the instant motion to strike all attorneys' fees claims. Since these motions are all related, the Court will consider them together.

**II.  Attorneys' Fees Claims**

Comcar, CTL, and Martin Gas seek leave to amend their answers to assert a counterclaim for attorneys' fees. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." Taylor v. Florida State Fair Authority, 875 F. Supp. 812, 814 (M.D. Fla. 1995)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court finds that there has not been bad faith or undue delay, and that Plaintiffs would not be prejudiced by the inclusion of this claim. However, the Court must analyze whether a claim for attorneys' fees would be futile.

Comcar, CTL, and Martin Gas seek attorneys' fees pursuant to Florida Statute § 627.428, which provides:

---

[1]Plaintiffs argued that the Birmingham policy was primary and the Pennsylvania policy was excess, resulting in payment as follows: (1) Comcar/CTL paying the $2 million SIR under the Birmingham policy; and (2) Birmingham paying the remaining $725,000. (Doc.No. 134, p. 25).

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured . . ., the trial court . . . shall adjudge or decree against the insurer and in favor of the insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1). Plaintiffs argue that Comcar, CTL, and Martin Gas cannot be awarded attorneys' fees under this statute, because Plaintiffs did not wrongfully withhold the payment of Martin Gas' claim relating to the Waggoner settlement. There is some merit to this argument.

The Florida Supreme Court has explained the purpose and construction of § 627.428:

> The statute's purpose is to discourage insurance companies from contesting valid claims, and to reimburse insureds for their attorney's fees incurred when they must enforce in court their contract with the insurance company. Section 627.428 must be strictly construed because an award of attorneys' fees is in derogation of common law.

Pepper Steel & Alloys, Inc. v. U.S., 850 So. 2d 462, 465 (Fla. 2003)(quotation marks and citations omitted). "This statute has consistently been interpreted . . . as authorizing the recovery of attorney's fees from the insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy." Equitable Life Assurance Society of U.S. v. Nichols, 84 So. 2d 500, 502 (Fla. 1956)(addressing the former, yet substantially similar, version of the statute). Thus, "an insurance company must pay those attorney's fees if the company wrongfully caused the parties to resort to litigation by not resolving the conflict when it was reasonably within the company's power to do so." Crotts v. Bankers & Shippers Ins. Co. of New York, 476 So. 2d 1357, 1358 (Fla. 2d DCA 1985); see also Leaf v. State Farm Auto. Ins. Co., 544 So. 2d 1049, 1050 (Fla. 4th DCA 1989); Government Employees Ins. Co. v. Battaglia, 503 So. 2d 358, 360 (Fla. 5th DCA 1987).

In the instant case, Plaintiffs filed suit because there was a question of fact as to whether

Martin Gas was an additional insured under Comcar/CTL's insurance policies. This factual dispute is due to the uncertainty regarding whether a valid TAA exists, because Martin Gas' additional insured status is derived from that agreement. This is not a conflict that can be resolved by the plaintiff insurance companies; rather, Martin Gas and Comcar/CTL must litigate the issue of whether a valid TAA exists. Given the factual dispute regarding whether a valid TAA exists, it cannot be said that Plaintiffs wrongfully withheld payment by seeking a declaration from the Court regarding the insurance claim. This is not a situation where the insurance company takes an arbitrary position regarding the payment of a claim; rather, there is a bona fide controversy over whether a valid TAA exists. See, e.g., Kurz v. New York Life Ins. Co., 181 So. 2d 537, 539 (Fla 1st DCA 1966)(finding that the insurance company was liable for attorneys' fees generated by the litigation over the insurance company's arbitrary decision regarding payment of the claim); New York Life Ins. Co. v. Shuster, 373 So. 2d 916, 918 (Fla. 1979)(finding that the insurer was not liable for attorneys' fees generated by litigation over the insurance company's refusal to pay life insurance proceeds due to uncertainty regarding whether the signature on the beneficiary designation form was forged).

Given the factual dispute regarding whether a valid TAA exists, which has always been the main issue in this litigation, attorneys' fees related to that issue are not compensable under § 627.428. As such, any claim for such fees would be futile.

However, a minor issue in this case is priority of coverage if a valid TAA exists. If there is a valid TAA, thus making Martin Gas an additional insured under Comcar/CTL's policies, the issue of priority of coverage arises. There was a dispute on this issue between Comcar/CTL and Plaintiffs. Plaintiffs argued that if a valid TAA existed, the Birmingham policy was primary and

5

the Pennsylvania policy was excess, which would result in payment of the Waggoner settlement as follows: (1) Comcar/CTL paying the $2 million SIR under the Birmingham policy; and (2) Birmingham paying the remaining $725,000. (Doc. No. 134, p. 25). Conversely, Comcar/CTL argued that if the TAA was valid, both policies were excess, and as a result, payment of the Waggoner settlement would occur as follows: (1) Comcar/CTL pays the $1,000,000 SIR of the Pennsylvania policy; (2) Pennsylvania pays the next $1,000,000 (because its policy is triggered by Comcar/CTL's payment of the $1,000,000 SIR); and (3) Pennsylvania and Birmingham share, on a pro rata basis, the payment of the remaining $725,000. Thus, if the TAA is valid, the priority of coverage issue greatly affects Comcar/CTL, because it determines whether Comcar/CTL are liable for a $1 million SIR or a $2 million SIR.

The Court found in favor of Comcar/CTL on the issue of priority of coverage. Resolution of the conflict over this coverage determination was completely within Birmingham and Pennsylvania's control. All that was required was a reading of the plain terms of the policies. Therefore, the Court cannot say that an attorneys' fees claim by Comcar/CTL against Birmingham and Pennsylvania is futile.[2] As such, the Court will grant Comcar and CTL leave to amend their answer to assert a counterclaim for attorneys' fees relating to the priority of coverage issue. However, the Court notes that priority of coverage has always been a minor issue in this case (as compared to the issue of the validity of the TAA).

With regards to Martin Gas and its dispute with Birmingham and Pennsylvania regarding priority of coverage, the Court finds that attorneys' fees cannot be awarded under the statute.

---

[2] However, it appears that if the TAA is not valid, then the litigation over the priority of coverage was unnecessary, and Comcar/CTL may not be entitled to attorneys' fees relating to that issue. The Court need not make the determination at this time.

Despite the fact that Martin Gas sided with Comcar/CTL on this issue against Plaintiffs, and despite the fact that the Court agreed with Martin Gas' position on this issue, litigation of this issue has no real effect on Martin Gas.  If the TAA is found to be valid, Comcar/CTL are responsible for a $1 million SIR regardless of how the Court determined priority of coverage, and Martin Gas would be paid $1 million from Comcar/CTL regardless of the outcome of that determination.  As a result, the Court finds that this is not a situation in which Martin Gas was forced to litigate due to Birmingham and/or Pennsylvania's wrongful withholding of payment.  Instead, the validity of the TAA is an issue that must be resolved between Martin Gas and Comcar, and then the issue of priority of coverage between Comcar/CTL's policies is really, in essence, a coverage dispute between Comcar/CTL and its insurers that has no meaningful effect on Martin Gas (who would be paid $1 million from Comcar/CTL under any determination of priority of coverage).  Therefore, the Court finds that allowing Martin Gas to assert a counterclaim for attorneys' fees would be futile, and as such, leave to amend is denied.

      Given the Court's findings, the Court denies Martin Gas' motion to amend and grants Plaintiffs' motion to strike Martin Gas' claim for attorneys' fees.  The Court grants Comcar and CTL's motion to amend, in part, to the extent that they may assert a counterclaim for attorneys' fees against Birmingham and Pennsylvania that were generated by litigating the priority of coverage issue.  Therefore, the Court grants in part and denies in part Plaintiffs' motion to strike Comcar and CTL's request for attorneys' fees.

### III.  Conclusion

      Accordingly, it is ORDERED AND ADJUDGED that:

    (1)    Martin Gas' Motion for Inclusion of Attorneys' Fees or Leave to Amend and Add

Counterclaim for Attorneys' Fees (Doc. No. 175) is **DENIED**.

(2) Comcar and CTL's Motion for Leave to Add Counterclaim for Attorneys' Fees (Doc. No. 169) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that Comcar and CTL may assert a counterclaim for attorneys' fees against Birmingham and Pennsylvania that were generated by litigating the priority of coverage issue; otherwise, the motion is **DENIED**. Comcar and CTL must file their amended answer, affirmative defenses, and counterclaim (consistent with this order) by January 2, 2009.

(3) Plaintiffs Birmingham and Pennsylvania's Motion to Strike Attorney Fee Claims (Doc. No. 174) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that they seek to strike attorneys' fees claims of Martin Gas and to the extent that they seek to strike attorneys' fees claims of Comcar/CTL regarding any issue other than priority of coverage; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of December, 2008.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge